BAILEY et al. v. WARNER.

(Circuit Court of Appeals, Eighth Circuit. October 20, 1902.)

No. 1,581.

1. EVIDENCE—STATEMENTS OF PARTY.
   In an action against a United States marshal and the surety on his bond for the false arrest and imprisonment of plaintiff, evidence of a conversation between the marshal and a third person in relation to the arrest, while plaintiff was still in custody, is admissible against defendants.

2. FALSE IMPRISONMENT—DAMAGES—EVIDENCE.
   Upon the question of damages for the wrongful arrest of plaintiff, on a warrant for another person, it was competent for plaintiff to testify that before he was released, and while he was under bond to appear, a number of persons to whom he applied for employment asked if he had been released, and, being told that he had not, refused to employ him, and also that he suffered from nervous prostration immediately following his arrest.

3. MOTION TO STRIKE OUT TESTIMONY—FAILURE TO OBJECT TO ADMISSION.
   It is not reversible error for a court to refuse to strike out the answer to a question asked a witness on the ground that the question was incompetent, where no objection was made to it when it was asked.

4. SAME—NECESSITY OF RENEWAL OF MOTION.
   The refusal to strike out incompetent testimony cannot be assigned as error, where the court stated that it would be expunged unless other testimony was introduced thereafter to render it competent, and the motion was not renewed.

**5. WITNESSES—REFRESHING MEMORY—USE OF MEMORANDUM.**
A physician may properly refer to a memorandum made at the time of visiting a patient to refresh his memory as to the condition of the patient at the time of such visit.

In Error to the Circuit Court of the United States for the District of Colorado.

Greeley W. Whitford and Tom E. McClelland, for plaintiffs in error. J. M. Ellis and Warwick M. Downing, for defendant in error.

Before SANBORN and THAYER, Circuit Judges, and LOCHREN, District Judge.

THAYER, Circuit Judge. This is an action which Henry E. Warner, the defendant in error, brought against Dewey C. Bailey and the United States Fidelity & Guaranty Company, the plaintiffs in error, upon the official bond of Bailey, who was the United States marshal for the district of Colorado, the United States Fidelity & Guaranty Company being the surety in said bond. The breach complained of was that Bailey arrested Warner under a warrant against one Benjamin F. Lissauer, which warrant had been issued on a complaint made by the United States attorney for the district of Colorado that said Lissauer had been indicted in the Indian territory for unlawfully selling liquor in that territory, and was a fugitive from justice at that time within the district of Colorado. The complaint averred that the plaintiff was arrested on a public street in the city of Denver by a deputy United States marshal, and was compelled to go along said street for some distance to the marshal's office; that no warrant was exhibited to the plaintiff when he was thus arrested, although he requested the deputy to exhibit his authority for making the arrest, if he had any; that the warrant aforesaid was exhibited as the sole authority for the arrest, only when he had reached the marshal's office and had again demanded by what authority the arrest was made; that when the warrant was produced he informed the marshal that his name was not Lissauer, and that he had never been in the Indian Territory, but that notwithstanding such representations he was held in custody for some four hours, and compelled to give a bond for his appearance before a United States commissioner, and was not finally discharged for some 10 or 12 days, when he was released without a hearing. The testimony at the trial disclosed that the arrest was clearly unlawful, and that the marshal was guilty of a trespass amounting to a false imprisonment in taking the plaintiff into his custody under a warrant which directed the arrest of an entirely different person. The jury returned a verdict against the marshal and his surety, the United States Fidelity & Guaranty Company, in the sum of $600. The trial court refused to set the verdict aside, and the case was brought to this court on a writ of error by the defendants in the lower court, the chief complaint being that some incompetent evidence was admitted in the course of the trial, and that certain instructions were refused which ought to have been given.

It is claimed that an error was committed by the trial court in permitting a witness by the name of Merritt to testify as to what took

place between himself and Bailey, the marshal, before the plaintiff had been discharged, but we fail to see that the admission of this testimony was in any respect improper. Merritt called on the marshal with a telegram from Knoxville, Tenn., which tended to establish the plaintiff's identity, and to show that he was a reputable person, and that he was not the person against whom the warrant was issued, who had been indicted in the Indian Territory. Merritt exhibited this telegram to the marshal, and had some conversation with him on the subject of the arrest, which the witness detailed fully, and, while the conversation may not have been very important, it was clearly admissible against the defendant, with whom the conversation was held.

The plaintiff also testified that he was by occupation a newspaper reporter; that during the week succeeding his arrest and prior to his discharge he applied to several newspapers for employment as a reporter; that he was asked on each occasion if he had been released from arrest, and on replying that he had not been released was told by the persons to whom he applied for employment that they had no place for him. This testimony was objected to at the trial, and an exception was saved on account of its admission, but we think that it was entirely competent as tending to show the actual damage which the plaintiff had sustained by reason of the unlawful act of the marshal. The fact that such inquiries were made, and that he was refused work, showed that the fact of his arrest was known to those from whom he would naturally seek employment, and that it had some influence on their conduct in refusing to give him work.

The plaintiff further testified that up to the time of his arrest he had been able, by means of the employment which he was able to secure, to maintain himself and his wife; that after his arrest, which took place in the latter part of February, 1900, and until July 6th of that year, he could not obtain employment; and that because of his inability to get work during that period his wife was compelled to work. When the question was propounded to him, whether, because of his inability to obtain employment, his wife was compelled to work for their support, no objection was made to the question, but after it had been answered in the affirmative a motion was made to strike out his answer. There was no material error in this action. Counsel for the defendant should have objected to the question when it was propounded, as they had full opportunity to do, if they considered it incompetent. Not having done so, and having permitted the witness to answer, the trial court was under no obligation to expunge it. The plaintiff likewise testified that he was in a complete state of nervous collapse for two days following his arrest, and that he did not fully recover from this state of nervous prostration for at least two months. An objection was made to this testimony, which was overruled, and an exception was saved. We think that there is no merit in this exception. The plaintiff was entitled to show, as a part of his direct damages, what effect, if any, upon his physical condition the arrest had produced. He was privileged to describe his mental condition and the feelings of humiliation incident to the arrest for the information of the jury; and as he did not undertake to report what his physician had told him, but simply described his own feelings and the

effect which the arrest had produced, the testimony in question was clearly admissible.

Considerable importance is attached by the plaintiffs in error to another incident of the trial, which was as follows: The plaintiff was asked by his counsel if he had experienced any difficulty for two or three days previous to his arrest, while he was attending to his reportorial duties, in getting information from public officials to whom he usually applied for information. The question was objected to; whereupon the plaintiff's attorney stated that he expected to show that a rumor had been disseminated from the marshal's office, some days prior to the arrest, that the plaintiff was a fugitive from justice, and that the rumor so disseminated had led persons with whom the plaintiff came in contact to treat him with suspicion. When this representation was made the court permitted the question to be answered; whereupon plaintiff said, in substance, that he had experienced difficulty in obtaining news for two or three days previous to his arrest, and that during that period his fellow reporters, who had previously treated him very cordially, ceased to do so, and apparently regarded him with suspicion. After this answer had been given a motion was made to strike it out; whereupon the court ruled that it would be stricken out unless it was subsequently shown that the marshal was in some way responsible for the treatment of which the plaintiff complained. Subsequently another witness was called by the plaintiff, who testified that for some days prior to the arrest rumors were afloat about the City Hall in Denver and among the reporters on daily papers that the plaintiff was a fugitive from justice. After the above remark was made by the trial judge, no motion was made to expunge the testimony of the plaintiff tending to show that he had been treated coldly by his brother reporters, and what the action of the court would have been if such a motion had been made cannot now be determined. Inasmuch as counsel for the defendants did not renew their objection and move to expunge the objectionable testimony after the existence of the rumor that the plaintiff was a fugitive from justice had been established, we think that the plaintiffs in error are in no position, at this time, to urge that the case should be reversed because of the alleged error. In any event, the testimony which was given by the plaintiff on this point does not seem to us to be of sufficient importance to justify a reversal.

An exception was saved because Dr. Bertha L. Connelly, who was called to testify concerning the plaintiff's physical condition the day after his arrest, was allowed to refresh her memory as to his then condition, by consulting a memorandum which she made at the time of her visit, relative to his condition. The memorandum was, in substance, that she found the plaintiff delirious from the shock of having been arrested for another man. This exception seems to us to be without merit, as the memorandum was made under such circumstances as clearly entitled the witness to use it to refresh her memory. These are the important exceptions taken to the admission of evidence in the course of the trial, and none of them seem to us to be well founded. The plaintiffs in error further complain because, just at the conclusion of the trial, leave was denied to withdraw a

witness from the witness stand with a view of showing by another witness that a letter, which had been received by the marshal from the district attorney of the Indian Territory, could not be found. When this request to withdraw the witness for the purpose of proving that the latter could not be readily found was denied, the court remarked that it was the duty of the defendants to have hunted up the letter before the trial began. With respect to this exception, it is only necessary to say that the action of the court in this matter was purely discretionary, and the record fails to disclose any abuse of discretion. If the letter in question was of any importance, it was the duty of the marshal to have preserved it and produced it at the trial, and the trial court was under no obligation to delay proceedings until the letter could be found, inasmuch as it was not claimed that any search was instituted until after the trial commenced. Relative to the instructions, it is quite sufficient to say that the instructions given fairly covered all the questions of law arising in the case, and that the instructions so given were instructions which the defendants below requested the court to give. The three instructions which were refused, so far as they contained correct propositions of law and were material to the issues involved, were covered by other instructions which the court gave, and the giving of those which were refused was unnecessary.

A careful inspection of this record satisfies us that the case was correctly tried below, while the amount of damages assessed does not render it probable that the jury awarded any exemplary damages.

The judgment below is accordingly affirmed.