### WEDDEL v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. March 30, 1914.)

No. 3995.

1. PROSTITUTION (§ 3*)—INDICTMENT—SUFFICIENCY.

An indictment for the violation of White Slave Traffic Act June 25, 1910, c. 395, § 2, 36 Stat. 825 (U. S. Comp. St. Supp. 1911, p. 1343), which first charged in the language of the statute that the defendant aided in procuring transportation over an interstate railroad for a woman for the purpose of prostitution, and then specified the particular manner in which the aid was rendered, is sufficient.

[Ed. Note.—For other cases, see Prostitution, Cent. Dig. § 3; Dec. Dig. § 3.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2.** CRIMINAL LAW (§ 811*)—TRIAL—REQUEST FOR CHARGE—SINGLING OUT EVIDENCE.

A request, which singled out certain facts without considering the other modifying facts and asked the court to charge that if those facts were true the jury could not find the defendant guilty, was properly refused, especially where the charge as a whole fully, correctly, and fairly stated the law applicable to the case.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1787, 1969–1972; Dec. Dig. § 811.*]

**3.** CRIMINAL LAW (§ 1170*)—HARMLESS ERROR—EXCLUSION OF TESTIMONY—CURE BY OTHER TESTIMONY.

In a prosecution for the violation of the White Slave Traffic Act (Act June 25, 1910, c. 395, 36 Stat. 825 [U. S. Comp. St. Supp. 1911, p. 1343]), error in sustaining an objection to a question asked the defendant as to her purpose in furnishing the transportation was harmless, where the defendant later on was permitted to testify fully as to such purpose.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3145–3153; Dec. Dig. § 1170.*]

**4.** CRIMINAL LAW (§ 1129*)—ERROR—NECESSITY OF ASSIGNMENT—EXCLUSION OF EVIDENCE.

Error in the exclusion of testimony in a criminal trial cannot avail the defendant on appeal where no assignment of error was predicated thereon.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2954–2964; Dec. Dig. § 1129.*]

In Error to the District Court of the United States for the Western District of Missouri; William H. Pope, Judge.

Cecilia Weddel, alias Rae Sheldon, was convicted of violating the White Slave Traffic Act, and she brings error. Affirmed.

George A. Neal, of Kansas City, Mo. (R. H. Davis, of Joplin, Mo., on the brief), for plaintiff in error.

Thad B. Landon, Sp. Asst. U. S. Atty., of Kansas City, Mo. (Francis M. Wilson, U. S. Atty., of Platte City, Mo., on the brief), for the United States.

Before ADAMS and CARLAND, Circuit Judges, and RINER, District Judge.

ADAMS, Circuit Judge. The defendant (plaintiff in error) was indicted, tried, and convicted for violation of the provisions of section 2 of the act of June 25, 1910, c. 395, 36 Stat. 825 (U. S. Comp. St. Supp. 1911, p. 1343), known as the White Slave Traffic Act. That section reads as follows:

"Any person who shall knowingly transport or cause to be transported, or aid or assist in obtaining transportation for, or in transporting, in interstate or foreign commerce, * * * any woman or girl for the purpose of prostitution or debauchery, * * * or with the intent and purpose to induce, entice, or compel such woman or girl to become a prostitute or to give herself up to debauchery, * * * or who shall knowingly procure or obtain, or cause to be procured or obtained, or aid or assist in procuring or obtaining, any ticket or tickets, or any form of transportation or evidence of the right thereto, to be used by any woman or girl in interstate or foreign commerce, * * * in going to any place for the purpose of prostitution or debauchery * * * whereby any such woman or girl shall be transported in interstate or foreign commerce, * * * shall be deemed guilty of a felony, and upon conviction thereof shall be punished. * * *".

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The second count of the indictment on which alone conviction was had charged that the defendant did—

"unlawfully, willfully, knowingly, and feloniously aid and assist in obtaining and procuring transportation for a certain woman, to wit, Catherine Smith, as a passenger over the lines of certain railway common carriers engaged in interstate commerce, * * * from the city of Rogers, in the state of Arkansas, to the city of Joplin, in the state of Missouri, for the purpose of prostitution, by then and there knowingly furnishing to said Catherine Smith the sum of $5 for the purpose of her, the said Catherine Smith, paying for the transportation of her, the said Catherine Smith, as a passenger over the lines of certain railway common carriers from the city of Rogers, in the state of Arkansas, to the city of Joplin, in the state of Missouri, in interstate commerce, * * * to which said last-named city said Catherine Smith was carried and transported as a passenger in interstate commerce as aforesaid, for the purpose of prostitution."

The assignments of error are these:

"The court erred in denying the motion in arrest of judgment; the court erred in denying defendant's motion for an instructed verdict in her favor; the court erred in its charge to the jury" in a particular later referred to.

[1] It is argued in support of the first assignment that the indictment did not state facts sufficient to constitute an offense. We think this criticism is without any merit whatsoever. The defendant is first charged in the language of the statute itself, with its violation, and then to make it more specific the way and manner of its violation was specifically pointed out. The general charge was that the defendant aided and assisted Catherine Smith in obtaining transportation as a passenger over the lines of certain specified railways, engaged in interstate commerce, for the purpose of prostitution, and then, to make the matter as specific as possible, it was charged that the defendant did so aid and assist her by furnishing to her the sum of $5 with which to pay for her transportation. The indictment was unquestionably good.

The second assignment challenges the sufficiency of the proof to warrant conviction. It will serve no useful purpose to analyze the evidence. We have examined it carefully in view of the strictures passed upon it by counsel for the defendant, and are unable to agree with him. The proof was ample to sustain the verdict and the court rightly refused to instruct the jury to find for the defendant.

The plaintiff in error has assigned for error the refusal of the trial court to give a certain requested instruction to the jury.

[2] This request singled out a few statements of fact testified to by the defendant and asked the court to advise the jury that if those facts were true they would not be authorized to find the defendant guilty.

The vice of this request was that the court was asked to single out and declare the effect of certain facts without consideration of other modifying facts. For this reason the instruction was properly refused. Perovich v. United States, 205 U. S. 86, 92, 27 Sup. Ct. 456, 51 L. Ed. 722, and cases cited. Moreover, the charge as a whole fully and accurately advised the jury of the law applicable to the case and was so fair that one exception only was taken to it, and that

on a matter which was so fully covered in other parts of the charge that counsel neither specified it in their brief nor argued it before us.

[3, 4] Defendant's counsel strenuously argued that the court below erred in sustaining an objection to the following question which was put to the defendant when she was on the stand as a witness in her own behalf, namely:

"State whether or not you let her have that money merely to return to what she regarded as her home and whether it was furnished for the purpose of having her come back and engage in prostitution."

The intent with which the defendant furnished the money was an important element of the crime charged against her, and the substance of the question would seem to have been pertinent and proper. There are two reasons, however, why the error, if any, cannot now avail her: First, the witness later on in her examination was permitted to testify fully on the subject of her intent; and, second, there is no assignment of error predicated on this alleged error of the court.

The judgment is affirmed.