TAM SHI YAN v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit.  June 22, 1915.)

No. 320.

1. CRIMINAL LAW ⬚1159—APPEAL—REVIEW—VERDICT AGAINST WEIGHT OF EVIDENCE.

An assignment of error by one convicted of crime that the verdict was against the weight of the evidence presents no question for review by the circuit court of appeals.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3074–3083; Dec. Dig. ⬚1159.]

2. CRIMINAL LAW ⬚442—EVIDENCE—LETTER—IDENTIFICATION OF HANDWRITING.

In a prosecution of a Chinese for manufacturing smoking opium without a bond, a letter found in defendant's pocket, written in Chinese, but which had never been signed or sent, and which he denied having written, is admissible, where two genuine signatures of accused were admitted without objection for the purpose of comparison, and a witness familiar with Chinese had testified that the letter in question was in the same handwriting as the signatures on the others, giving his reasons for his belief.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1027; Dec. Dig. ⬚442.]

3. POISONS ⬚9—WITNESSES ⬚405—EVIDENCE—ADMISSIONS.

In a prosecution for manufacturing smoking opium without bond, the fact that defendant smoked opium is not a collateral matter as to which his reply is binding on the prosecution, but is relevant, and a written statement by him that he had been unable to give up smoking is admissible after he denied that he smoked.

[Ed. Note.—For other cases, see Poisons, Cent. Dig. § 6; Dec. Dig. ⬚9; Witnesses, Cent. Dig. §§ 1273, 1275; Dec. Dig. ⬚405.]

In Error to the District Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a judgment convicting defendant of violation of the statute forbidding the manufacture of smoking opium without having filed a bond.

R. M. Moore, of New York City, for plaintiff in error.

R. B. Wood, Asst. U. S. Atty., of New York City.

Before LACOMBE, COXE, and WARD, Circuit Judges.

<hr>

⬚For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

LACOMBE, Circuit Judge. [1] The third assignment of error asserts that the verdict was against the weight of evidence; this raises no question in this court. The other two assignments are of the most general character; the first asserting that the government introduced improper evidence, and the second that certain pertinent evidence offered by defendants was rejected. There is no statement as to what any of this testimony—the admitted or the rejected—is, and since neither side has filed a brief we have no specification as to what the asserted errors are. The charge was full and fair, and no exception was taken to any part of it.

[2] Upon the argument reliance was had on an exception to the admission in evidence of part of a letter, written in Chinese, but neither signed nor sent. It was contended by the government that it had been written by defendant; he denied that it was in his handwriting. Two other documents, the signatures to which he admitted were in his handwriting, were submitted to the jury with the disputed writing for purposes of comparison. This was not objected to, nor was the instruction of the court that they might examine the handwriting themselves and reach a determination. One of the government witnesses (not a Chinese person), who had been educated in China and was familiar with Chinese, testified upon examination of the three documents that in his opinion the one offered by the government was written by the same hand which signed the other. He gave his reasons for reaching this conclusion. The jury were expressly cautioned that his evidence was of an advisory nature only, and was to be weighed by them with all other evidence, including the document to be compared. We find no error in this.

[3] The unsigned letter was found in defendant's pocket. It was apparently written to some friend, who had urged him to cease smoking opium, and contained the sentence: "I have tried to break myself of the habit of smoking opium, but cannot." Upon cross-examination of the defendant, counsel for the government asked him if he ever smoked opium, to which he answered in the negative. Objection was therefore raised to the introduction of the statement in the letter above quoted, on the ground that the smoking of opium by defendant was a collateral matter; that, having asked the defendant if he did smoke, counsel for the government was bound by his answer, and could not contradict such answer, by introduction of the letter, or in any other way. We do not think the matter inquired about was a collateral matter. An opium smoker can easily make his own mixture from crude opium or yen shee. It is a relevant circumstance, if it can be shown, that a man, in whose possession appropriate materials and utensils are found, is himself a smoker, and therefore under a temptation to supply himself with smoking opium.

The judgment is affirmed.