McCLENDON v. UNITED STATES.*

(Circuit Court of Appeals, Eighth Circuit. January 18, 1916.)

No. 4448.

1. COURTS ⬅═366—UNITED STATES COURTS—STATE LAWS AS RULES OF DECISION.

Indictments in the courts of the United States are not to be construed in conformity with the decisions of the highest court of the state in which the offense is committed, in construing the statutes of that state.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 954–957, 960–968; Dec. Dig. ⬅═366.]

2. POST OFFICE ⬅═48—USE OF MAILS TO DEFRAUD—INDICTMENT—REQUISITES AND SUFFICIENCY—DESCRIPTION OF PERSONS DEFRAUDED.

The failure of an indictment for using the mails in the execution or attempted execution of a scheme to defraud a bank to allege that the bank was incorporated did not prejudice the defendant, and hence the indictment would not be quashed because thereof, in view of Rev. St. § 1025 (Comp. St. 1913, § 1691), providing that no indictment shall be deemed insufficient by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 67–80; Dec. Dig. ⬅═48.]

3. POST OFFICE ⬅═48—CRIMINAL OFFENSES—FRAUDULENT USE OF MAILS—INDICTMENT.

While an indictment for using the mails in the execution or attempted execution of a scheme to defraud must describe the particulars of the scheme with sufficient certainty to show its existence and character, and fairly acquaint the accused with the particulars of the fraudulent scheme charged, such particulars need not be pleaded with all the certainty as to time, place, and circumstances required in charging the gist of the offense, the mailing of the letter in execution or attempted execution of the scheme.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 67–80; Dec. Dig. ⬅═48.]

4. POST OFFICE ⬅═48—CRIMINAL OFFENSES—FRAUDULENT USE OF MAILS—INDICTMENT.

Where an indictment for using the mails in the execution or attempted execution of a scheme to defraud alleged that a letter mailed in such execution or attempted execution was inclosed in an envelope, a further description of which envelope was to the grand jury unknown, and then set out the letter contained in the missing envelope, it was not defective because of the failure to allege to whom the envelope was addressed.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 67–80; Dec. Dig. ⬅═48.]

5. POST OFFICE ⬅═48—CRIMINAL OFFENSES—FRAUDULENT USE OF MAILS—INDICTMENT.

An indictment charging defendant with using the mails in the execution or attempted execution of a scheme to defraud the estate of R. was not defective, where it alleged that R. was deceased, and that his estate was in the course of probation in the probate court of a county named, as this gave defendant all the information needed to prepare her defense, and sufficiently stated who was intended by her to be defrauded.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 67–80; Dec. Dig. ⬅═48.]

⬅═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Rehearing denied March 24, 1916.

6. CRIMINAL LAW ⊚⇒1129—APPEAL—ASSIGNMENTS OF ERROR—SUFFICIENCY.
   An assignment of error that the verdict is contrary to the law is too broad and indefinite, and cannot be considered.
   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2954–2964; Dec. Dig. ⊚⇒1129.]

7. CRIMINAL LAW ⊚⇒586, 1151—APPEAL—REVIEW—DENIAL OF CONTINUANCE.
   The refusal to grant a continuance was a matter addressed to the discretion of the trial court, and, unless clearly shown to have been a gross abuse of discretion, would not be reviewed.
   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1311, 3045–3049; Dec. Dig. ⊚⇒586, 1151.]

8. WITNESSES ⊚⇒255—EXAMINATION—REFRESHING MEMORY.
   On a trial for fraudulent use of the mails, it was not error to permit a post office inspector to refer to notes made at the time of his investigation of the case for the purpose of refreshing his memory, where he was not permitted to read his notes as his testimony.
   [Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 874–890; Dec. Dig. ⊚⇒255.]

9. CRIMINAL LAW ⊚⇒1059—RESERVATION OF GROUNDS OF REVIEW—SUFFICIENCY OF EXCEPTIONS.
   An exception "to the charge to the jury separately and as a whole, to each and every charge to the jury, and also to them in toto," was too general, and could not be considered, where any part of the charge was good; the court's attention not being called to any specific errors alleged to have been committed, so as to give it an opportunity to correct them.
   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2671; Dec. Dig. ⊚⇒1059.]

10. CRIMINAL LAW ⊚⇒829—INSTRUCTIONS COVERED BY THOSE GIVEN.
    The refusal of a requested instruction that defendant should only be convicted of the offense charged in the indictment, and of no other, was not error, where the court had already charged to that effect.
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2011; Dec. Dig. ⊚⇒829.]

In Error to the District Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

Ella McClendon was convicted of using the mails to defraud, and she brings error. Affirmed.

Frans E. Lindquist, of Kansas City, Mo. (Martin J. Ostergard and Luther N. Dempsey, both of Kansas City, Mo., on the brief), for plaintiff in error.

Vance J. Higgs, Asst. U. S. Atty., of St. Louis, Mo. (Arthur L. Oliver, U. S. Atty., of St. Louis, Mo., on the brief), for the United States.

Before ADAMS and CARLAND, Circuit Judges, and TRIEBER, District Judge.

TRIEBER, District Judge. The plaintiff in error, who will be referred to herein as the defendant, was indicted for violating section 215 of the Criminal Code (Comp. St. 1913, § 10385). There were four counts in the indictment. Upon the trial the jury found her guilty on all four counts, and thereupon she was sentenced by the court to five

years' imprisonment on each count; the terms of imprisonment to run concurrently.

[1] A demurrer was filed to each count of the indictment, and, having been overruled by the court, proper exceptions were saved and noted in the assignment of errors. The objections to the indictment are that the first, second, and third counts do not show whether the banks mentioned in the indictment, which the defendant is charged to have sought to defraud, were corporations or partnerships. Counsel relies upon decisions of the Supreme Court of the state of Missouri, which, in construing the criminal statutes of that state, hold that an indictment failing to state whether the party whose property is taken, or who is sought to be defrauded by a forgery, is a natural person or a corporation, is fatally defective. Neither in the brief nor in the oral argument did counsel for defendant refer us to any authorities to sustain the contention that an indictment in the courts of the United States must be construed in conformity with the decisions of the highest court of the state in which the offense is committed, in construing the statutes of that state. Nor do we know of any.

[2] Aside from this, the first and second counts specifically charge that the corporations sought to be defrauded were corporations existing under the laws of the state of Missouri. The third count fails to show that the Bank of Clear Creek County, at Georgetown, Colo., was a corporation; but this is immaterial, as the omission could in no wise prejudice the defendant, and unless such is the case an indictment will not be quashed in view of the provisions of section 1025, Rev. Stat. We have so decided in Morris v. United States, 229 Fed. 516, —— C. C. A. ——, opinion filed this day.

[3] It is also claimed that the first count, which charges the scheme to have been to send a forged check through the mail for collection, does not describe the forgery with the particularity required by the statutes of the state of Missouri in indictments for forgery. Counsel overlook the fact that this is not an indictment for forgery, nor even for fraud; but the gist of the offense is the mailing of the letters in execution or attempted execution of the scheme. It is true the particulars of the scheme must be described with certainty sufficient to show its existence and character, and fairly acquaint the accused with the particulars of the fraudulent scheme charged against her, but need not be pleaded with all the certainty as to time, place, and circumstances requisite in charging the gist of the offense, the mailing of the letter in execution or attempted execution of the scheme. Colburn v. United States, 223 Fed. 590, 139 C. C. A. 136, Judge Adams, who delivered the opinion of this court in that case, refers to the authorities, and it is unnecessary to repeat them here.

[4] Another objection is that, in the first, second, and third counts, the pleader fails to allege to whom the envelopes sent through the mails were addressed, and relies on Durland v. United States, 161 U. S. 306, 16 Sup. Ct. 508, 40 L. Ed. 709. But that case is squarely in point against the contention; the court holding that the allegation that the name of the addressee is to the grand jury unknown is sufficient. And this is alleged in this indictment. The indictment reads, "That letter

was inclosed in an envelope, a further description of which said envelope is to the grand jury unknown," and then sets out the letter contained in the missing envelope.

[5] Nor is the fourth count defective for the reasons hereinbefore stated, because it charges the scheme was to defraud the estate of John Rohan. This count alleges that John Rohan was then deceased, and that his estate was then in the course of probation in the probate court of Johnson county, Mo. This clearly gave to the defendant all the information needed to prepare her defense, and states who was intended by her to be defrauded. A careful examination of the indictment satisfies us that it complies fully with the requirements of the statute, as construed in numerous cases by the Supreme Court of the United States and this court, and that there was no error in overruling the demurrer.

[6] The next assignment of error is that the verdict is contrary to the law. This exception is entirely too broad and indefinite, and cannot be considered by this court. Chicago, etc., Railway Co. v. Anderson, 168 Fed. 902, 94 C. C. A. 241; Tam Shi Yan v. United States, 224 Fed. 422, 140 C. C. A. 116. No request for a peremptory instruction was asked on behalf of the defendant, but in view of the fact that the defendant's liberty is involved in this case we have carefully read the evidence, and are satisfied that it warranted the submission of the case to the jury, and its verdict is conclusive.

[7] The next assignment of error is that the court erred in refusing to grant a continuance. That was a matter addressed to the discretion of the court, and unless clearly shown to have been a gross abuse of discretion will not be reviewed by the appellate court. Hardy v. United States, 186 U. S. 224, 22 Sup. Ct. 889, 46 L. Ed. 1137; Itow v. United States, 223 Fed. 25, 138 C. C. A. 439; Clement v. United States, 149 Fed. 305, 79 C. C. A. 243. The facts in this case fail to show any abuse of discretion.

[8] Objections were made to the introduction of some evidence. Some of these objections are too frivolous to require attention. One of the objections was that one of the witnesses, who was a post office inspector, was permitted to refer to notes, which he made at the time of his investigation of the case, for the purpose of refreshing his memory. This was clearly admissible. Bailey v. Warner, 118 Fed. 395, 55 C. C. A. 329; Woodward v. Chicago, etc., Ry. Co., 145 Fed. 577, 75 C. C. A. 591. It might have been error if the witness should have been permitted to read his notes as his testimony, but he can certainly refer to them for the purpose of refreshing his memory.

[9] The exception to the charge of the court is too general to be considered by us. The record shows that, after the charge to the jury had been delivered, counsel for defendant stated:

"We except to the charge to the jury separately and as a whole, to each and every charge to the jury, and also to them in toto."

The court's attention was not called to any specific errors alleged to have been committed, and thus given an opportunity to correct them, if they were errors. Besides, the settled rule of law is that, if any part of the charge is good, such an exception cannot be considered.

Chicago Great Western Ry. Co. v. McDonough, 161 Fed. 657, 88 C. C. A. 517; Hindman v. First National Bank, 112 Fed. 931, 50 C. C. A. 623, 57 L. R. A. 108.

[10] Another exception is to the refusal of the court to give a special instruction asked on behalf of the defendant. That instruction, in substance, was that the defendant should only be convicted of the offense charged in the indictment, and of no other. As the court had charged the jury to that effect, it was not error to refuse to instruct the jury in the language requested by the defendant. Perovich v. United States, 205 U. S. 86, 27 Sup. Ct. 456, 51 L. Ed. 722; Weddell v. United States, 213 Fed. 208, 129 C. C. A. 552.

A careful reading of the record satisfies us that there was no prejudicial error committed by the trial court, and that the verdict of the jury is amply sustained by the evidence.

The judgment is affirmed.