## TURNER v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
March 25, 1929.

No. 8211.

Kendall B. Randolph, of St. Joseph, Mo. (Lewis F. Randolph, and John P. Randolph, both of St. Joseph, Mo., on the brief), for appellant.

S. M. Carmean, Asst. U. S. Atty., of Kansas City, Mo. (Roscoe C. Patterson, U. S. Atty., of Kansas City, Mo., on the brief), for the United States.

Before VAN VALKENBURGH and BOOTH, Circuit Judges, and MUNGER, District Judge.

BOOTH, Circuit Judge. This is an appeal from a judgment convicting appellant of violation of section 215, Criminal Code (U. S. C. tit. 18 [18 USCA] § 338). There were four counts in the indictment. The jury found appellant guilty under the first count. The others were dismissed.

The assignments of error challenge the sufficiency of the indictment, the admission of evidence over the objection of appellant, and the correctness of the ruling of the court in denying a motion for a directed verdict at the close of the evidence.

The ground of the attack on the indictment is that it fails to state facts constituting an offense against the United States. The first count of the indictment alleges, in substance, that George F. Turner (defendant) did unlawfully and knowingly devise a scheme to defraud L. W. Krull and numerous other parties unknown; that is to say, a scheme to defraud said parties of their money without giving or intending to give to said parties anything of an equivalent value or of any value, which said scheme was substantially as follows: That defendant would lease a small tract of ground with improvements near St. Joseph, Mo., and would represent that he was extensively engaged in the hatching and selling of baby chicks; that he owned and operated an extensive hatchery and could and would sell to parties desiring to purchase any number of baby chicks on and after March 12th; that all of his chicks were of pure-bred stock; that defendant, in order to induce persons to purchase from him, would send out postal cards through the United States mail, agreeing to sell baby chicks, for which payment was demanded in advance on the following terms and conditions: (Here follow the offers and the prices.)

The indictment then alleges that the said representations and promises were made by defendant to various parties; that they were false and fraudulent, in that defendant was not engaged in operating extensive chick hatcheries; that he could not and did not intend to deliver chicks at the prices mentioned; and that the chicks he was offering were not pure-bred chicks, and he knew they were not.

The indictment then alleged the mailing by defendant of a postal card in the United States mail, postage prepaid, addressed to L. W. Krull, at Clarksdale, Mo., in and for

the execution of the alleged scheme to defraud.

We think the indictment was sufficient. It clearly set out the devising of the scheme to defraud by defendant, the scheme itself, the representations made by defendant, the falsity thereof, the knowledge of defendant that the representations were false, the intent of defendant to defraud, and the use of the United States mail in execution of the scheme.

The indictment met the requisites laid down by this court in numerous cases. Gould v. United States (C. C. A.) 209 F. 730; Mounday v. United States (C. C. A.) 225 F. 965; McClendon v. United States (C. C. A.) 229 F. 523; Gardner v. United States (C. C. A.) 230 F. 575; Chew v. United States (C. C. A.) 9 F.(2d) 348.

The assignment of error touching the admission of testimony does not comply with the requirements of Rules 11 and 24 of this court; nor has the assignment been argued by appellant. It is therefor not considered by the court.

The sufficiency of the evidence to sustain a verdict of guilty is challenged by several assignments of error. There was evidence tending to show the following facts: Defendant came to St. Joseph about February 1, 1928. He mailed about 55,000 postal cards to prospective purchasers, setting forth his offers. He established a so-called hatchery a short distance from the city. In the building were found several home-made incubators at the time of his arrest, about February 23, 1928; and elsewhere on the premises several other incubators which he had purchased, but had not set up. He had employed a man at $100 a month to look after the incubators, and a young woman stenographer at $15 a week. He remained in St. Joseph visiting the hatchery each day. When he came to St. Joseph he had about $300. At the time of his arrest, he had taken in upwards of $8,000 by means of his advertisements, and had expended about $4,000. Orders had been received for 112,000 chicks. No chicks had been hatched, but about 3,600 eggs were in the incubators. He had never been in the hatchery business before.

There was also evidence tending to show that he could not produce chicks at the prices advertised by him. There was also evidence tending to show that the incubators which he had set up would not successfully hatch eggs.

The fact that defendant's scheme was impractical would not be sufficient, standing alone to convict him of having devised a fraudulent scheme. But the indictment alleged that it was part of the scheme that he should represent that the chicks he would supply were pure-bred chicks of the various kinds offered; that he did make such representation; that this representation was fraudulent, in that he did not intend to supply pure-bred chicks.

There was evidence tending to show that defendant knew what pure-bred chicks were; that the eggs which he had in his incubators were not eggs of pure-bred fowls; and that, in buying his eggs, defendant did not specify that they should be from pure-bred fowls.

These facts would, if found by the jury, stamp the scheme as fraudulent. There was substantial evidence to support such findings. The verdict therefore cannot be disturbed.

Counsel for appellant in his brief has challenged the correctness of certain portions of the charge of the court to the jury. There was no assignment of error covering the alleged error, and the record shows no exception taken to the charge. We do not, therefore, consider counsel's criticism of the charge; and especially so since the alleged error was not of so serious a nature as to impel us to consider it in the absence of an exception.

Judgment affirmed.