UNITED STATES of America,
Plaintiff, Appellee,

v.

Tommy Howard GILBREATH,
Defendant, Appellant.

No. 407–70.

United States Court of Appeals,
Tenth Circuit.

July 12, 1971.

Kerry L. Sullivan, Denver, Colo., for defendant, appellant.

Floy E. Dawson, Asst. U. S. Atty., Oklahoma City, Okl. (William R. Burkett, U. S. Atty., with him on the brief), for plaintiff, appellee.

Before JONES * and HOLLOWAY, Circuit Judges, and BRATTON, District Judge.

PER CURIAM:

Tommy Howard Gilbreath was convicted of a Dyer Act[1] violation. The motor vehicle which the appellant was accused of transporting interstate was the Cadillac mentioned herein. During the trial Government counsel introduced testimony of the service manager of an automobile agency in Fort Worth, Texas, that he had rented a 1970 blue Ford Maverick automobile to a person whom he identified as the appellant. Objection was made to the introduction of this testimony on the ground that it was irrelevant. The court stated that the jury would be instructed to disregard the testimony unless it was connected up. The prosecution introduced evidence that the appellant had turned in a blue Ford Maverick on a 1967 Cadillac and had given a check signed with a fictitious name for the balance of the price of the Cadillac. The court gave no instructions with respect to the testimony regarding the blue Ford Maverick and no instructions were requested. The objection to the testimony was not renewed.

■ Two questions are raised on appeal. The first is that the evidence is insufficient to sustain the conviction. We dispose of this contention as summarily as it is presented in the appellant's brief. It is wholly without merit.

■ The other contention is that the court should have, but did not, instruct the jury to disregard the testimony with respect to the blue Ford Maverick. The objection was not renewed at the close

---

* Of the Fifth Circuit, sitting by designation.

1. 18 U.S.C.A. § 2312.

of the case, no request was made of the court to instruct the jury to disregard the testimony and no motion to strike was made. In such a situation an objection to testimony on the ground of irrelevancy cannot prevail. The rule is stated by Professor McCormick in the following language:

"In a long trial, * * * where the witnesses are many and the facts complex, it is easy for the offering counsel to forget the need for making the required 'connecting' proof, and for the judge and the adversary to fail to observe this gap in the evidence. Who invokes the condition subsequent, upon such breach? The burden is placed upon the objecting party to renew the objection and invoke the condition. By the majority view this is to be done by a motion to strike out the evidence conditionally received, when the failure of condition becomes apparent. It seems that it does become apparent when the offering party completes the particular stage of his case in which the evidence was offered, and that when he 'rests' without making the missing proof, the adversary should then move to strike, failing which, he cannot later claim as of right to invoke the condition.

\* \* \* \* \* \*

· "To be distinguished from the practice described above of conditional admission pending further proof, is the custom of some judges of admitting evidence provisionally where objection is made, subject to a later ruling on the objection in the light of further consideration when the case has been more amply developed. Here again the objecting counsel, to preserve the objection must renew the objection before the case is concluded." McCormick, Evidence, § 58 (1954).

Sustaining the rule as announced is Bailey et al v. Warner, 8th Cir. 1902, 118 F. 395. This decision of the Eighth Circuit was in an appeal of a Colorado case decided prior to the creation of the Tenth Circuit.

The judgment and sentence of the district court is correct and it is

Affirmed.