## KELLER v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. January 21, 1909.)

No. 1,521.

1. LARCENY (§ 5*)—SUBJECTS OF LARCENY—BLANK CHECKS—"PROPERTY."

Six blank checks, with stubs attached, each of the value of one cent, the personal property of the United States, constituted "property," the subject of larceny, under Rev. St. § 5456 (U. S. Comp. St. 1901, p. 3683), making it a felony to steal any kind or description of property belonging to the United States.

[Ed. Note.—For other cases. see Larceny, Cent. Dig. § 11; Dec. Dig. § 5.* For other definitions, see Words and Phrases, vol. 6, pp. 5693–5728; vol. 8, pp. 7768–7770.]

2. CRIMINAL LAW (§ 762*)—INSTRUCTIONS—EXPRESSION OF COURT'S OPINION.

It is permissible in federal courts for the judge to review the evidence and express his opinion with reference thereto, provided the jury are instructed that the decision of questions of fact must be made by them.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1731; Dec. Dig. § 762.*]

3. CRIMINAL LAW (§ 1129*)—WRIT OF ERROR—ASSIGNMENTS OF ERROR—RECORD.

Where the record on a writ of error showed that defendant's counsel stated the grounds of his motion for a new trial, presented his argument in support thereof, and that the court, having heard such argument and on consideration, overruled the same, an assignment that the court, when a motion for a new trial was made, summarily refused to allow a motion to be set for argument, but overruled it without consideration, was not sustained.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1129.*]

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

William A. Adams and Walker M. Yeatman, for plaintiff in error. Edwin W. Sims and Harry A. Parkin, for the United States.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

PER CURIAM. The indictment charged plaintiff in error with feloniously taking and carrying away "six blank checks with stubs attached, each of the value of one cent, of the goods and personal property of the United States." Section 5456, Rev. St. (U. S. Comp. St. 1901, p. 3683), makes it a felony to steal "any kind or description of property belonging to the United States." In support of the assignment that the court erred in overruling the demurrer to the indictment,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the contention is made that "blank checks" do not constitute property. While the promise or the grant or the obligation that may be expressed on paper is not a subject of larceny, it seems to us as futile to claim that "blank checks" are not within section 5456 as it would be to say that the "legal blanks" in a lawyer's office or at a stationer's are not susceptible of ownership.

Respecting the charge, no claim is made that the questions of law involved in the case were not fully and accurately stated to the jury. The exceptions rest on the mistaken assumption that it was error for the judge to review the evidence and express any opinion in relation thereto. Such expression is permissible in the federal courts, provided the jurors are instructed that the decision of questions of fact must be made by them. Allis v. U. S., 155 U. S. 117, 15 Sup. Ct. 36, 39 L. Ed. 91.

The assertion that the court, "when the motion for a new trial was made, summarily refused to allow said motion to be set for argument, but, on the contrary, overruled it, without any consideration whatever," is not sustained by the record, which shows that counsel for plaintiff in error stated the grounds of the motion and presented his argument in support thereof, and that the court, "having heard said argument, and upon consideration," overruled the motion. Compare Gourdain v. U. S., 154 Fed. 453, 83 C. C. A. 309.

The judgment is affirmed.