### BLACKSTOCK v. UNITED STATES.*

(Circuit Court of Appeals, Eighth Circuit. October 27, 1919.)

No. 5258.

1. CRIMINAL LAW ⬳752, 753(2)—MOTION FOR DIRECTED VERDICT WAIVED.

Defendant's demurrer or motion for directed verdict, made and overruled at the close of the government's case, not having been renewed at the close of defendant's case, the question of sufficiency of the evidence was waived.

2. CRIMINAL LAW ⬳1036(8)—DISCRETION TO CONSIDER INSUFFICIENCY OF EVIDENCE WHERE NOT RAISED BELOW.

It is within the sound discretion of the reviewing court to notice claim of defendant's counsel that there was no evidence to sustain the verdict, though the question was not raised below, and this will be done; the case involving defendant's liberty, the question being argued by both parties, and being the only question really presented and argued in defendant's behalf.

3. CRIMINAL LAW ⬳1175—CONVICTION ON TWO COUNTS ON EVIDENCE SUFFICIENT AS TO ONE.

Though there was a verdict of guilty on both counts, error may not be predicated on insufficiency of the evidence as to one of them; it having

---

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Rehearing denied April 5, 1920.

been sufficient as to the other, and the penalty imposed not being in excess of what might be imposed thereon.

4. PROSTITUTION ⬅5—VIOLATION OF MANN ACT; QUESTION FOR JURY.

Evidence, including prior relation immediately resumed, on prosecution under the Mann Act (Comp. St. §§ 8812–8819) for persuading and enticing a woman to go in interstate commerce for the purposes prohibited by the statute, *held* sufficient to go to jury on the questions of intent and purpose, as well as of inducement.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Fred Blackstock was convicted of violation of the Mann Act, and brings error. Affirmed.

L. D. Mitchell, of Oklahoma City, Okl., for plaintiff in error.

Herman S. Davis, Asst. U. S. Atty., of Frederick, Okl. (John A. Fain, U. S. Atty., of Lawton, Okl., on the brief), for defendant in error.

Before CARLAND and STONE, Circuit Judges, and ELLIOTT, District Judge.

ELLIOTT, District Judge. The plaintiff in error, hereinafter referred to as the defendant, was indicted in January, 1918, in the District Court of the United States within and for the Western District of Oklahoma, for violation of Act June 25, 1910, c. 395, 36 Stat. 825 (Comp. St. §§ 8812–8819), known as the "Mann Act."

The indictment contained two counts, charging the defendant: (1) With unlawfully transporting in interstate commerce, for the purposes specified in the statute, a woman therein named. (2) With unlawfully persuading and enticing the woman in question to go in interstate commerce from and to the places in question and for the purposes prohibited by the statute.

Upon a plea of not guilty and a trial, a verdict of guilty was duly returned upon both counts of the indictment. Motion for a new trial was denied, and the defendant duly sentenced by general judgment to be imprisoned for a term of three years.

[1] The record discloses that—

"The defendant interposes a demurrer to the evidence introduced on behalf of the plaintiff, and the court being duly advised in the premises, it is ordered that said demurrer be and the same is overruled."

This may have been intended for a motion for a directed verdict of not guilty, for the reason and upon the ground that there was not sufficient evidence to support the allegations of the two counts of the indictment or either of them. This "demurrer" was not renewed, and no motion was made at the close of defendant's case, and there was therefore no ruling of the trial court as to the sufficiency of the evidence to sustain the charges contained in the indictment, upon which an assignment of error could be based. Defendant's failure to make this motion at the close of all of the evidence waived this question, and there was no exception to the charge of the court. The question of

the sufficiency of the evidence to sustain the verdict is therefore not before this court for determination.

[2] An examination of the record in this case, however, reveals the fact that the only question that is relied upon by the defendant, and the only question really presented and argued in defendant's behalf, is the insufficiency of the evidence to sustain the verdict of guilty. Both parties have argued this question, and it is within the sound discretion of this court to notice the claim of counsel for defendant that there was no evidence to sustain the verdict of guilty, although the question was not raised in the trial court. Doe v. United States, 253 Fed. 903, 166 C. C. A. 3, and cases there cited. The fact that this case involves the liberty of the defendant impels us to examine the record upon this assignment of error in his behalf.

[3] We are not disposed to devote time to a consideration of the contention of counsel for the defendant as to the lack of evidence offered in support of the first count of the indictment, as, under the rule, if the evidence is sufficient to sustain either, and the penalty imposed is not in excess of that which might have been imposed upon the one count, error will not be predicated upon an allegation of the insufficiency of the evidence as to the other count.

[4] Does a fair consideration of the record sustain defendant's contention as to the second count? The brief of the defendant is largely a discussion of the weight and character of the evidence, rather than an attempt to justify his claim that there is no substantial evidence upon which to base the verdict. The determination of this issue of whether or not the evidence sustains the verdict of conviction involves an appreciation in detail of the material facts to which the witnesses testified.

Letters passed between the woman named in the indictment and the defendant; she being in Oklahoma, and he in Kansas City. She testified in substance that defendant left her, and went to Kansas City; that he wrote to her from Kansas City to come there, and he would do what was right by her in his way; that she went to Kansas City pursuant to his invitation, he having told her how to come, just what railroad to take, and that he would meet her when she arrived; that he met her and took her to a designated place in Kansas City, registered under the name of Fred Johnson and wife, occupied a room together, stayed at that place two weeks, then went to another place, securing a room there, and staying there together for some time, he paying the bills. All of this, practically admitted, with other facts and circumstances, including the history of the relations they sustained prior to their separation, when he went to Kansas City and left her in Oklahoma, subsequent letters and subsequent cohabitation after the birth of the baby, with the attitude of the defendant toward her, with the reasonable inferences naturally to be drawn from this state of facts, tended to shed some light upon defendant's intent and purpose when he wrote her the letter to come to Kansas City. It is admitted that the evidence does show that the defendant took a hand in procuring her to go in interstate commerce from Oklahoma to Kansas City, and it was for the jury to determine from all the testimony, including

the testimony as to the relations they had sustained prior to his leaving her, her condition at the time of the correspondence, what his directions were to her as to her coming, where she should come, how she should come, his promise to meet her, the fact that he did meet her, that he immediately registered under a fictitious name, and lived with her as man and wife, that he went to another place, living with her as man and wife under a false name, his letters to her thereafter, his attitude toward her—all were matters for the consideration of the jury, and upon which it was its province to determine what his intent and purpose was, if they found that she came to Kansas City upon his invitation or inducement. The circumstances attending her arrival in Kansas City, his taking her and registering with her as man and wife under an assumed name, occupying the same room with her for weeks, certainly permit an inference as to his intent and purpose, justifying the verdict of the jury, supported by her testimony and his admissions.

We think that it cannot be reasonably urged that his attitude was one of indifference, but rather that he had arranged for the immediate resumption of their relations upon her arrival, and the fact that he gave her directions where to go, and that he would meet her, etc., justifies the inference that he anticipated doing with her, when she arrived, just what the facts show was done.

The gist of the offense alleged here is the intention of the defendant which was in his mind when the letters were written, when the directions were given, and when she was induced to go in interstate commerce to him at Kansas City. In that connection, this statute should receive a construction which will make it efficient to accomplish its intent and purpose, but should not be so enlarged or extended by judicial interpretation as to take in transactions which, however reprehensible, cannot reasonably be regarded as within its aims and intent. In our opinion there was abundant evidence which warranted the jury in finding that this unfortunate girl traveled from Oklahoma to Kansas City on the occasion in question because of the inducement and persuasion by the defendant, and that defendant's intent and purpose was to renew their relations upon her arrival at Kansas City.

We are convinced that the record discloses a violation of this statute under peculiarly aggravated circumstances, and that the jury was unquestionably justified in returning a verdict of guilty upon the second count of the indictment.

It is ordered that the judgment of the trial court be and the same is affirmed.