## ELROD v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. June 8, 1920.)

No. 3378.

1. **Criminal law ⬳1151—Motion for continuance not reviewed, unless discretion abused.**

A motion for continuance is addressed to the sound discretion of the trial judge, and cannot be reviewed, unless it appears that the discretion was abused.

2. **Criminal law ⬳594 (1)—Refusal of continuance for absence of witnesses not abuse of discretion.**

Where a criminal case had been continued one term on defendant's application, and another because no judge could be had at such term, motion for another continuance on the ground of absence of witnesses was not an abuse of discretion, where nearly a year had elapsed since arraignment, and defendant's affidavit merely stated that the witnesses were temporarily absent, etc., for the court was entitled to take into consideration those facts, and that the government witnesses had twice before appeared under subpœna.

3. **Criminal law ⬳1159 (2)—Appellate court will not weigh testimony.**

Where there is substantial evidence to sustain a conviction, the appellate court will not weigh the same on writ of error.

4. **Prostitution ⬳5—Evidence in prosecution under White Slave Act sufficient to go to jury.**

In a prosecution under the White Slave Act (Comp. St. §§ 8812–8819), evidence of defendant's excursion with a girl from one state to another, where they engaged in immorality, *held* sufficient to go to the jury, notwithstanding there were no commercial relations between the parties.

In Error to the District Court of the United States for the Middle District of Tennessee; Edward T. Sanford, Judge.

H. W. Elrod was convicted of violation of White Slave Act, and he brings error. Affirmed.

J. C. R. McCall, of Nashville, Tenn. (Tillman & McCall, of Nashville, Tenn., on the brief), for plaintiff in error.

Lee Douglas, U. S. Atty., of Nashville, Tenn.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

KNAPPEN, Circuit Judge. This writ is to review a judgment of conviction under an indictment for violation of the White Slave Act (Act June 25, 1910, c. 395, 36 Stat. 825 [U. S. Comp. Stat. § 8812 et seq.]). Plaintiff in error complains, first, that his application for continuance was denied; and, second, that his motion for a directed verdict, on the ground of lack of evidence to support conviction, was overruled.

[1, 2] 1. The motion for continuance was addressed to the sound discretion of the trial judge, and cannot be reviewed, unless it appears that such discretion was abused. Defendant was arraigned under the indictment November 30, 1918, and the cause then placed on the trial docket. It was continued, on his application, to the March term, 1919, when, because no judge could be had at that term, it was again continued until the September term. On October 6th (when the case was about to be reached for trial) another motion to continue was presented, on account of the absence of four witnesses alleged to be material and the illness of a fifth. Defendant's affidavit set out the substance of what was expected to be proven by each witness. There were counter affidavits tending to show that the testimony alleged to be expected from the witnesses would if given, be untrue, that defendant had not been diligent in attempting to obtain their presence, and that the application to postpone was for the mere purpose of delay, and not in the interest of justice. It appeared that the government's witnesses were present, and had appeared under subpoena twice before. It did not appear when defendant's absent witnesses could be produced, unless by the statement that they "live in Nashville, and are, as he is informed, only temporarily away, but he does not know at what time they will return." Nearly a year had already elapsed since arraignment. The court had the right to take all these circumstances into account, and is presumed to have done so. No abuse of discretion is apparent.

[3, 4] 2. The motion to direct verdict: Defendant was charged (a) with transporting a certain girl in interstate commerce from Nashville, Tenn., to Louisville, Ky., for the purpose of unlawful sexual relations between them; and (b) with such transportation with the intent and purpose to induce, entice, and compel her to engage in such relations.

The only question before us is whether there was substantial evidence tending to sustain the conviction. We cannot weigh the testimony. Burton v. United States, 202 U. S. 344, 373, 26 Sup. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 392; Kelly v. United States (C. C. A. 6) 258 Fed. 392, 406, 407, and citations in note 3, p. 406, 169 C. C. A. 408; West v. United States (C. C. A. 6) 258 Fed. 413, 421, 169 C. C. A. 429; Hays v. United States (C. C. A. 8) 231 Fed. 106, 108, 145 C. C. A. 294. It is undisputed that this girl, who it appears had previously been seduced by defendant, on a Saturday night accompanied him on a trip by rail from Nashville, Tenn., to Louisville, Ky.; that the parties there registered at a hotel as husband and wife, and occupied a room together during Sunday and Monday, where they had sexual relations, that they returned to Nashville by rail Monday night, and that defendant paid all the expenses of the round trip, at least

as between himself and the girl. The only serious contention made here is that there was no substantial evidence that the trip to Louisville was had for the unlawful purpose charged—it being urged that it was made solely for the business purpose of selling a consignment of tobacco previously shipped to Louisville; that the girl was taken along as a clerk to "follow up" the sales and without any purpose of unlawful relation, and that the relations had were merely incidental to the trip, due largely to the fact that the girl herself was responsible for their rooming together by registering as defendant's wife.

While there was testimony tending to support this contention, the jury was not bound to believe it. The record, taken together, would sustain a conclusion that the trip was not necessary for selling the tobacco; that the consignee had not been informed that defendant would be present at the sale; that the sale had not been arranged for the Monday in question; that defendant did not stay at Louisville for the sale at a later day, nor was he or any representative of his firm present thereat. There was also testimony that the girl had had no experience in "following up" sales, and tending to show that a given man in the firm's employ had usually done that work, and would have been the natural one to go, if any one. There was also other testimony tending to show that the transportation was for the unlawful purpose charged, including the fact that the trip was made Saturday night with the design of spending Sunday in Louisville, asserted misconduct of defendant while on the night train for Louisville, the further asserted fact that defendant at Louisville informed the girl he could get but one room, and a certain letter, written her before the trip was made, which letter the jury would be warranted in believing was written through defendant's procurement. Whether or not defendant had a business engagement at Louisville, he violated the act if he took the girl there for the unlawful purpose alleged, and even though she were thought to be a willing participant in that purpose, and notwithstanding the relations between them were not commercial in character. Caminetti v. United States, 242 U. S. 470, 37 Sup. Ct. 192, 61 L. Ed. 442, L. R. A. 1917E, 502, Ann. Cas. 1917B, 1168; Hays v. United States, supra. There is sufficient evidence of unlawful purpose to support the verdict. Blackstock v. United States (C. C. A. 8) 261 Fed. 150.

The judgment of the District Court is accordingly affirmed.