### SAVAGE v. UNITED STATES. *

(Circuit Court of Appeals, Eighth Circuit. December 28, 1920.)

No. 5549.

1. **Indictment and information ☞203—One valid count, sufficient to sustain sentence, prevents reversal for defective indictment.**

A conviction will not be reversed for error in overruling the motion to quash the demurrer to the indictment, which contained 15 counts, on all of which defendant was convicted, if any count was valid, and the sentence imposed did not exceed that which could have been imposed on conviction of any one count.

2. **Post office ☞48(4)—Indictment for fraud need not allege organization of partnership, whose name defendant appropriated.**

Under Rev. St. Colo. 1908, § 4778, as construed by the Supreme Court of that state, the failure of a partnership to file the affidavit of organization therein required does not prevent it from doing business, and therefore an indictment for using the mails in furtherance of a fraudulent scheme to form a corporation having the same name as the partnership, and purchase goods from those relying on the partnership's credit, need not allege that the partnership was duly organized.

3. **Criminal law ☞1186(4)—Failure to allege organization of partnership, whose name was appropriated, held not prejudicial.**

Where the substance of the fraudulent scheme charged was not the mere use of the corporate name similar to the name of an existing partnership association, but its use to obtain the benefit of the credit and reputation of the partnership, to obtain goods intended for the partnership, failure to allege that the partnership, then doing business and in actual operation, was duly organized, did not prejudice the defendant, so as to make the indictment fatally defective, in view of Rev. St. § 1025 (Comp. St. § 1691).

4. **Post office ☞48(4)—Particulars of scheme to defraud need not be alleged with same certainty as mailing letter.**

In an indictment for use of the mails in furtherance of a scheme to defraud, the particulars of the scheme are matters of substance, and must be set forth with sufficient certainty to acquaint the defendant with the charge against him; but the gist of the offense is the mailing of the writing, in pursuance of the scheme, so that the scheme need not be pleaded with the certainty as to time, place, and circumstance required in charging the gist of the offense.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Rehearing denied May 19, 1921.

**5. Post office ☞35—Use by corporation of name of partnership held fraudulent scheme.**

The mailing of letters in furtherance of a scheme to defraud, by forming a corporation having the same name as a partnership, and thereby obtaining the credit and reputation of the partnership, is not disproved by the fact that the letter mailed was on a letter head having the word "(Inc.)" after the name, and giving the true address of the corporation, where it was signed merely by the association name, since it is unnecessary to allege or prove that the letters mailed in furtherance of a scheme to defraud were calculated to be effective in carrying out the scheme.

**6. Criminal law ☞1149—Denial of bill of particulars not reviewable.**

A motion by accused for a bill of particulars is addressed to the discretion of the court, and ordinarily his denial thereof is not reviewable.

**7. Criminal law ☞1054(3)—Insufficiency of evidence may be reviewed without exception.**

Even though no exception was taken to the denial of defendant's motion for a directed verdict, the evidence can be examined on writ of error to see whether there is substantial evidence to support the conviction.

**8. Criminal law ☞1175—Evidence to sustain any count authorizing sentence is sufficient.**

Where accused was convicted on all 15 counts of the indictment against him, and the sentence could have been imposed for conviction on any one of the counts, the conviction will not be reversed for insufficiency of the evidence, if there is sufficient evidence to sustain any one count.

**9. Post office ☞35—Acts held to constitute fraudulent scheme, furthered by use of mails.**

That defendant, after being informed that a partnership association had an exclusive contract to handle a certain manufacturer's goods, formed a corporation having the same name as the association, and ordered goods from the manufacturer, directing them to be shipped to the corporation's address, and thereafter failed to pay for the goods, showed a fraudulent scheme by defendant, warranting conviction for using the mails in furtherance thereof.

**10. Post office ☞49—Evidence held to show corporate transactions were for defendant's scheme.**

In a prosecution for using the mails in furtherance of a scheme to defraud, evidence that the corporation which obtained the goods was formed by accused and two others, neither of whom had any interest therein, and that accused was solely in charge of the business, *held* to warrant the jury in believing that defendant was the designed beneficiary of the fraudulent transactions.

**11. Criminal law ☞1129(4)—Assignments of error in admitting groups of testimony or exhibits are not proper.**

An assignment of error in the admission in evidence of a portion of the testimony of 7 different witnesses relating to different subjects, and an assignment of error in admitting in evidence 100 different exhibits, violate Circuit Court of Appeals rule 11 (150 Fed. xxvii, 79 C. C. A. xxvii), requiring each error to be set out separately and particularly.

**12. Criminal law ☞1036(4), 1054(1)—Admission of evidence without objection or exception cannot be reviewed.**

Assigned error in admitting testimony concerning a contract, without having the contract in evidence, does not require reversal, where no objection was made at the trial with reference to the testimony as to one exhibit, and no exception as to the court's ruling on the other exhibits.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

13. **Criminal law ⬤1169(4)—Admission of testimony concerning exhibits thereafter introduced is not error.**

Admitting testimony, over objection that it was concerning an exhibit not yet in evidence, was not error, where the exhibit was offered and received in evidence after a few more questions, and before the cross-examination of the witness.

14. **Criminal law ⬤402(2)—Copies of writings in defendant's hand admissible, without demand for originals.**

In a prosecution for using the mails to defraud, copies of writings, the originals of which were shown to have been in the possession or defendant or the companies controlled by him, could be given in evidence, without the defendant being notified to produce the originals.

15. **Post office ⬤49—Defendant held to have made bank agent for mailing draft.**

In a prosecution for mailing a draft in furtherance of a scheme to defraud, evidence that defendant's employé, by his direction, signed the draft as an officer of the corporation controlled by defendant, and that it was deposited in the bank where the corporation kept an account, and by the bank sent by mail to another bank for presentation to the drawee, with evidence showing similar general method of doing business by the use of sight drafts deposited, to be sent through the mails for collection, shows that the draft was intrusted to the mails by the bank at the instance and request of defendant, and is sufficient.

16. **Criminal law ⬤762(5)—Court may express opinion defendant is guilty.**

A statement by the court in his instructions that he was of opinion defendant was guilty on all but four counts, with repeated statements that was a mere opinion, and that the jury should follow its own judgment, and disregard the court's opinion, if they were of a contrary opinion, was not error.

17. **Criminal law ⬤1059(2)—General exception to charge insufficient, if any portion is correct.**

Error cannot be predicated on a general exception to the charge of the court in a criminal prosecution, where any part of the charge was correct.

In Error to the District Court of the United States for the District of Colorado; Robert E. Lewis, Judge.

John A. Savage was convicted of using mails with intent to defraud, and he brings error. Affirmed.

William H. Dickson, of Denver, Colo., for plaintiff in error.

Otto Bock, Asst. U. S. Atty., of Denver, Colo. (Harry B. Tedrow, U. S. Atty., of Denver, Colo.; on the brief), for the United States.

Before SANBORN and CARLAND, Circuit Judges, and MUNGER, District Judge.

MUNGER, District Judge. The plaintiff in error (hereafter called defendant was convicted of a violation of section 215 of the Penal Code (Comp. St. § 10385). The indictment contained 15 counts. Four different schemes were alleged, with a charge in each count of the mailing of a letter or other writing in the attempted execution of the scheme. In each count it was charged that the defendant devised a scheme to defraud by planning to incorporate a company under the laws of Colorado, adopting as its name the firm name of an existing unincorporated partnership or association then doing business, and in op-

eration, buying and selling merchandise, of which latter company defendant would not be a member and in which he would have no interest, and further planning to have stationery and letter heads printed bearing the name of the unincorporated company. Some of the counts aver that the defendant also planned to ascertain from whom the unincorporated association purchased goods, and then through letters, telegrams, and other means of communication to receive merchandise not intended for him, and for which he would not pay but would convert to his own use. Other counts charged a plan to obtain goods without paying for them, without averring that the persons to be defrauded had previously sold goods to the unincorporated company. Other counts charged plans to have the mail intended for the unincorporated company diverted to his company, and thereby to ascertain to whom the unincorporated company had made shipments of goods, and then to obtain control of such merchandise and to obtain payment for it himself; the remaining counts charged a plan to obtain possession of checks and negotiable instruments belonging to the unincorporated company, and then to convert them and their proceeds to his own use. The defendant was found guilty under each count of the indictment, and a single sentence was imposed.

[1] The defendant contends that it was error to overrule his motion to quash, and his demurrer to, the indictment. No exception was taken to the ruling of the court, but independently of this the sentence imposed did not exceed that which could have been rendered upon conviction under any count of the indictment, and therefore there would be no reversible error, if one of the 15 counts stated an offense. Claasen v. United States, 142 U. S. 140, 146, 12 Sup. Ct. 169, 35 L. Ed. 966; Evans v. United States, 153 U. S. 608, 609, 14 Sup. Ct. 939, 38 L. Ed. 839; Abrams v. United States, 250 U. S. 616, 619, 40 Sup. Ct. 17, 63 L. Ed. 1173; Pierce v. United States, 252 U. S. 239, 40 Sup. Ct. 205, 64 L. Ed. 542; Doe v. United States, 253 Fed. 903, 904, 166 C. C. A. 3; United States v. Lair, 195 Fed. 47, 50, 115 C. C. A. 49; Haynes v. United States, 101 Fed. 817, 819, 42 C. C. A. 34.

[2] It is said that no scheme to defraud was stated, because it was not alleged that the unincorporated partnership or association whose name the defendant would adopt as a corporate name for his incorporation, was a duly organized partnership or association. In support of this contention is cited section 4778 of the Revised Statutes of Colorado (1908), which provides that such associations shall file with a county officer an affidavit setting forth the full names and addresses of all persons so represented, and that in default of such filing the association shall not be permitted to sue for the collection of debts, and the person in default shall be guilty of a misdemeanor. The penalties thus imposed are limited, and do not expressly deprive the associations of the right to transact business, and as interpreted by the Supreme Court of Colorado, the statute is to be strictly construed and does not embrace any penalty except those provided by the terms of the act. Wallbrecht v. Blush, 43 Colo. 329, 332, 95 Pac. 927.

[3] Moreover the substance of the scheme charged was not the

mere use of a corporate name similar to the name of an existing association, but to use it so as to have the credit and reputation of the other company in order to obtain goods not intended, for defendant, and for which he would not pay, and the failure to allege that the unincorporated partnership or association, then doing business and in actual operation, was duly organized, did not prejudice the defendant, and make the indictment fatally defective, in view of the provisions of section 1025, Rev. Stat. (section 1691, U. S. Comp. Stat.). See McClendon v. United States, 229 Fed. 523, 525, 143 C. C. A. 591.

[4] The particulars of the scheme are matters of substance, and must be set forth with sufficient certainty as to its existence and character that the indictment will fairly acquaint the defendant with the scheme charged against him; but the gist of the offense is the mailing of the letter, writing, or article in pursuance of the scheme, and the scheme itself need not be pleaded with all the certainty as to time, place, and circumstance that is required in charging the gist of the offense, the mailing of the matter in execution or attempted execution of the scheme. Colburn v. United States, 223 Fed. 590, 592, 139 C. C. A. 136; McClendon v. United States, 229 Fed. 523, 525, 143 C. C. A. 591; Gardner v. United States, 230 Fed. 575, 578, 144 C. C. A. 629; MacKnight v. United States (C. C. A.) 263 Fed. 832, 837.

[5] It is urged that some counts of the indictment do not state an offense, and no offense under them was proved, because the letters set out in the indictment and given in evidence bore a heading which read "The Rocky Mountain Purchasing Association (Inc.), 311 Ideal Building, Denver, Colorado," and that the words "the," the abbreviation "(Inc.)" and the address "311 Ideal Building" showed no intent to defraud as it clearly indicated that the defendant's company, and not the unincorporated company, was transacting the business. But the letters are signed by the same name as that of the unincorporated association, and the contents of the letters are such as might readily lead the addressees to believe they were dealing with the unincorporated association. It is not necessary to allege or to prove that the letters mailed in pursuance of the scheme to defraud under this section of the Penal Code are calculated to be effective in carrying out the scheme. Durland v. United States, 161 U. S. 306, 315, 16 Sup. Ct. 508, 40 L. Ed. 709; Lemon v. United States, 164 Fed. 953, 957, 90 C. C. A. 617.

There are 4 counts, numbered 11, 12, 13, and 15, which set out writings in which appear only the name "The Rocky Mountain Purchasing Association," and count 14 alleges a writing setting out the name "Rocky Mountain Pur. Ass'n." We see no reason for holding the indictment invalid, because of any of the objections urged.

[6] It is assigned that the court erred in refusing the defendant's motion for a bill of particulars, but such a motion is addressed to the discretion of the court and ordinarily is not reviewable (Dunlop v. United States, 165 U. S. 486, 491, 17 Sup. Ct. 375, 41 L. Ed. 799; Knauer v. United States, 237 Fed. 8, 13, 150 C. C. A. 210; Horowitz

v. United States [C. C. A.] 262 Fed. 48, 49) ; and no such motion is found in the record.

[7, 8] Complaint is made because the case was submitted to the jury. At the close of the evidence the defendant asked for opportunity to present a motion for a directed verdict, and the court answered that it would be overruled, but gave leave to put it in any form desired later on. No exception was taken to the ruling of the court, and no motion appears to have been filed or presented. Notwithstanding this failure to accept, the court may notice a claim that the evidence is insufficient (Doe v. United States, 253 Fed. 903, 915, 166 C. C. A. 3), and the record has been examined to see whether there is substantial evidence in support of any count of the indictment, for the rule is that a judgment of conviction will not be reversed for insufficiency of the evidence, if it is sufficient to support one of several counts in the indictment and the penalty imposed is not in excess of that which could be imposed under that count. Blackstock v. United States (C. C. A.) 261 Fed. 150, 152; Bold v. United States (C. C. A.) 265 Fed. 581, 582; Schoborg v. United States (C. C. A.) 264 Fed. 1, 10; Wessels v. United States (C. C. A.) 262 Fed. 389, 391; Baldwin v. United States, 238 Fed. 793, 795, 151 C. C. A. 643; Harrington v. United States (C. C. A.) 267 Fed. 97, 103.

[9] It is not very seriously contended that the defendant did not cause the letters and writings to be mailed as charged in the indictment, but the claim is that no scheme to defraud was proved. No extensive review of the evidence is practicable, but there was evidence relating to the first 5 counts tending to show that the defendant had been the active manager and apparently the only person interested in a company at Denver called the Northwestern Supply Company. This company dealt in electrical and automobile supplies. It opened correspondence with the Miniature Incandescent Lamp Corporation of New Jersey, seeking to purchase automobile lamps made by the latter company. The New Jersey company refused to quote prices, and referred the inquirer and the inquiry to the Rocky Mountain Purchasing Association of Denver, with whom it had a contract for the exclusive sale of its goods in that territory. The manager of the Rocky Mountain Purchasing Association telephoned to the Northwestern Supply Company, and gave prices at which the lamps could be purchased. About a week afterwards the defendant had prepared and filed at Denver the articles of incorporation of a company also called the Rocky Mountain Purchasing Association. Three days later this corporation sent a telegram to the New Jersey company, asking how soon it could ship several thousand lamps. The telegram was signed by the name of Rocky Mountain Purchasing Association, and directed that all mail and telegrams to the Denver office should be sent to 311 Ideal Building, which was not the address of the company having the contract with the New Jersey company. This was soon followed, within less than three weeks, by three other telegrams ordering 12,000 lamps, each signed in the same way. This merchandise was shipped, and none of it was ever paid for. A large amount of correspondence and testimony was offered,

which afforded a  proper basis for the jury to find that the defendant had formed a plan to use the name of the other company at Denver, and thereby to deceive and defraud the seller of these goods, and to acquire them without intending to pay for them.   There was ample evidence to sustain the jury's verdict in support of some, if not of all, of the other schemes alleged.

[10] It is particularly objected that it was not shown that the plan contemplated any gain to be derived by the defendant personally, as the dealings were all in the corporate name; but it was shown that of the three incorporators, two had no interest then or afterwards in the company, and that no one but the defendant ever appeared to have any interest in it.   He was the active and sole manager, and the employés never knew of any one else in connection with the business, and from these and other facts the jury were warranted in believing the defendant was the designed beneficiary of the transactions.

[11] There are two assignments of error relating to rulings upon admission of evidence.   The first assigns error in the admission in evidence of portions of the testimony of 7 different witnesses relating to different subjects.   The second alleges error in admitting in evidence of 100 different exhibits.   This is a violation of rule 11 of the Court of Appeals Rules (150 Fed. xxvii, 79 C. C. A. xxvii), which requires that each error shall be set out separately and particularly.   Davidson S. S. Co. v. United States, 142 Fed. 315, 318, 73 C. C. A. 425; Empire State Cattle Co. v. Atchison, T. & S. F. Ry. Co., 147 Fed. 457, 461, 77 C. C. A. 601; Smith v. Hopkins, 120 Fed. 921, 923, 57 C. C. A. 193.   But the assignments have been considered in detail.   Defendant's counsel admit that none of the first group of rulings may be sufficient to require a new trial, and we think those that are argued are plainly without merit.

[12, 13] It is said that the court allowed witness Blunt to testify about a contract without placing it in evidence; but no such objection was made on the trial as to Exhibit 10, and no exception was taken to the court's ruling on the other exhibits.   The objection to witness Mandel's testimony regarding arrangements made by defendant's incorporation for receiving mail are not founded upon any assignment of error.   A further objection to her testimony is based upon the objection that it was concerning an exhibit not yet in evidence; but the exhibit was offered and received in evidence after a few more questions and before her cross-examination.

[14] While the other assignment of error challenges the rulings of the court in admitting in evidence of 100 separate exhibits, the defendant's brief limits the challenge to the admission of 75 of them. Some of the objections are founded upon the untenable theory that copies of writings, where the originals were shown to have been in the possession of defendant or of the companies controlled by him, could not be given in evidence until the defendant had been notified to produce the originals.

[15] Another objection is the lack of proof to show that the defendant caused the mailing of a sight draft set forth in the thirteenth count.   It was shown that defendant's stenographer by the defendant's

direction signed this draft as assistant treasurer of the defendant's corporation, and it was deposited by some one for the corporation in the Ideal State Bank at Denver, where the corporation kept an account. It was sent by the bank through the mails to another bank in Colorado for presentation to the drawee, a customer who had purchased goods from the rival company, was paid, and the proceeds were transmitted to the Ideal State Bank, and the bank deposited the amount in the account of the defendant's corporation. There was other evidence showing a similar general method of doing business by the use of sight drafts deposited by the defendant or his company to be sent through the mails for collection. While it was not shown that defendant himself intrusted this draft to the mails, it was done by the bank at his instance. As was said in a similar case (Spear v. United States, 246 Fed. 250, 251, 158 C. C. A. 410, 411):

"Collection of the drafts and checks was essential to the full consummation of the fraud, and the evidence of Spear's guilty assistance was sufficient. When he intrusted them to the bank he made it his agent, although it was innocent of the fraud. United States v. Kenofskey, 243 U. S. 440, 37 Sup. Ct. 438, 61 L. Ed. 836. The drafts and checks were drawn on banks in distant cities. The custom among banks, almost invariable, is to forward such collection items by mail with letters of transmittal, and Spear must have known the local bank would follow the ordinary course in the absence of instructions to the contrary. When the bank deposited the letters of transmittal in the mails, Spear, in legal effect, caused them to do so. United States v. Kenofskey, supra."

The rulings of the court as to each of the other exhibits have been carefully considered, and no serious error has been found affecting the substantial rights of the defendant, or which requires a reversal of the judgment, in view of the provision of section 269 of the Judicial Code (Comp. St. § 1246).

[16] Complaint is made of a portion of the instructions expressing the court's opinion as to the guilt of the defendant founded upon a general exception to "the remarks of the court concerning the guilt or innocence of the defendant." The court said that, as to four transactions which were named and described, there could not be any doubt that a fraud was perpetrated, but left it to the jury to find who had perpetrated the frauds. The court further said that it was of the opinion that the defendant was guilty on all counts but 4 and refused to express an opinion as to the defendant's guilt as to those 4. The court stated repeatedly that this was a mere expression of its opinion, and that the jury were not bound by it, and that it was the jury's duty to follow its own judgment, and that, if the jury were of a contrary opinion, it was its duty to disregard the court's opinion. In the courts of the United States the judge may state to the jury his opinion upon the evidence, provided they are left free to determine the facts. Allis v. United States, 155 U. S. 117, 123, 15 Sup. Ct. 36, 39 L. Ed. 91; Horning v. District of Columbia (decided Nov. 22, 1920), 254 U. S. 135, 41 Sup. Ct. 53, 65 L. Ed. ——; Aerheart v. St. Louis, I. M. & S. Ry. Co., 99 Fed. 907, 909, 40 C. C. A. 171; Smith v. United States, 157 Fed. 721, 732, 85 C. C. A. 353; Keller v. United States, 168 Fed. 697, 698, 94 C. C. A. 368.

[17] Other portions of the charge are criticized, but the criticisms cannot be considered, because there was only a general exception to the charge, other than has been stated, and error cannot be predicated upon such a general exception, where any part of the charge was correct. Block v. Darling, 140 U. S. 234, 238, 11 Sup. Ct. 832, 35 L. Ed. 476; McClendon v. United States, 229 Fed. 523, 527, 143 C. C. A. 591; Tucker v. United States, 224 Fed. 833, 841, 140 C. C. A. 279; Donaldson v. United States, 208 Fed. 4, 7, 125 C. C. A. 316.

The judgment will be affirmed.