## KELLY v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit.   April 7, 1924.)

No. 3986.

1. **Prostitution ⬢⟶4—Government must prove immoral purpose, and testimony of conduct at destination held competent.**

Under the White Slave Traffic Act (Comp. St. §§ 8812–8819), the burden is on the government to prove that the women in question were transported for immoral purpose and testimony tending to show the acts and conduct of the parties after arrival at their intended destination *held* competent for that purpose.

2. **Criminal law ⬢⟶927(2)—Refusal of new trial for separation of jury not abuse of discretion.**

The trial court did not abuse its discretion in refusing a new trial, though one of the jurors separated himself from his fellow jurors for a short period after the submission of the case without the permission of the court, there being no claim that he communicated with any person or was otherwise guilty of misconduct.

3. **Criminal law ⬢⟶998—Objection that juror had been convicted of crime, made six months after judgment, held too late.**

A motion to vacate a judgment and sentence, on the ground that a juror had been convicted of a crime, made six months after judgment, *held* made too late.

In Error to the District Court of the United States for the Third Division of the Territory of Alaska; E. E. Ritchie, Judge.

Frank Kelly was convicted of violating the White Slave Traffic Act, and he brings error. Affirmed.

L. V. Ray, of Seward, Alaska, for plaintiff in error.

Sherman Duggan, U. S. Atty., of Anchorage, Alaska, and Harry G. McCain, of Cordova, Alaska, and Julian A. Hurley, of Anchorage, Alaska, Asst. U. S. Attys.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. This is a writ of error to review a judgment of conviction under the White Slave Traffic Act (36 Stat. 825 [Comp. St. §§ 8812–8819]). The errors assigned have been summarized as follows: Error in the admission of testimony, insufficiency of the evidence to justify the verdict, error in the refusal to instruct as requested, misconduct of one of the jurors, and incompetency of the same juror.

[1] We will first consider the objection to testimony, for, if the testimony complained of was competent and relevant, its sufficiency to support the verdict does not present a debatable question. It appears from the testimony that two women journeyed from Seattle, Wash., to Anchorage, Alaska, at the instance of the plaintiff in error, the one to sing and the other to play the piano, in a pool and billiard hall, bowling alley, and place of amusement operated by the plaintiff in error at the latter place. The court admitted testimony, over objection, tending to show the acts and conduct of the two women and the plaintiff in error, immediately after the arrival at Anchorage, and the admission

⬢⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of this class of testimony is the error assigned. The burden was upon the government to prove that the two women were transported from the state of Washington to the territory of Alaska for the purpose of prostitution or debauchery, or for some other immoral purpose, and testimony tending to show the acts and conduct of the parties concerned after the arrival of the women at Anchorage was clearly competent to that end, and, as already stated, if competent, the testimony was ample to support the verdict. Athanasaw v. United States, 227 U. S. 326, 33 Sup. Ct. 285, 57 L. Ed. 528, Ann. Cas. 1913E, 911; Suslak v. United States, 213 Fed. 913, 130 C. C. A. 391; Beyer v. United States, 251 Fed. 39, 163 C. C. A. 289; Blackstock v. United States (C. C. A.) 261 Fed. 150; Carey v. United States (C. C. A.) 265 Fed. 515; Elrod v. United States (C. C. A.) 266 Fed. 55.

[2] Beyond the mere statement of our conclusion, it would serve no useful purpose to state in detail all that transpired between the parties in Alaska. The charge of the court covered every phase of the case, and was extremely favorable to the plaintiff in error. The objections thereto, and to the failure to give further instructions, are wholly without merit. It appears, from the affidavit filed in support of a motion for a new trial, that one of the jurors separated from his fellow jurors for a short period after the submission of the case, without the permission of the court. Aside from the mere separation, it is not claimed that the juror communicated with any person on any subject, or was otherwise guilty of misconduct. From the counter affidavits it appears that, after the jury had agreed upon a verdict, the juror in question, accompanied by one of the bailiffs, returned to the courtroom, about 600 feet distant, for some papers in the case, and while so doing had no communication with any one. Under such circumstances, it is manifest that the court did not abuse its discretion in refusing the new trial. Elder v. United States, 243 Fed. 84, 155 C. C. A. 614.

[3] Some six months after judgment, the plaintiff in error moved the court to vacate the judgment and sentence, upon the ground that the above juror had been convicted of the crime of embezzlement in the state of Oregon, some years before, and was therefore disqualified under the laws of the territory, and upon other grounds not deemed material here. This motion was resisted upon two grounds: First, because the conviction in a foreign jurisdiction did not disqualify; and, second, because the objection came too late. On the second ground, at least, the motion was properly denied. State v. Powers, 10 Or. 145, 45 Am. Rep. 138; Kohl v. Lehlback, 160 U. S. 293, 300, 16 Sup. Ct. 304, 40 L. Ed. 432, and cases there cited.

We find no error in the record, and the judgment of the court below is affirmed.