## CHRISTIAN v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit. August 24, 1928.

No. 8101.

Dudley & Dudley, of Jonesboro, Ark., for plaintiff in error.

Charles F. Cole, U. S. Atty., of Little Rock, Ark.,

Before LEWIS, Circuit Judge, and PHILLIPS and SANBORN, District Judges.

JOHN B. SANBORN, District Judge. The plaintiff in error (hereinafter called the defendant) was indicted in the Eastern district of Arkansas for having transported a woman by the name of Lucy Hendrix from Tupelo, Miss., to Monette, Ark., for an immoral purpose, in violation of the White Slave Traffic Act (Act June 25, 1910, 36 Stat. 825; 18 USCA §§ 397–404). He was tried, convicted, and sentenced.

The evidence of the government proved that the defendant was a married man; that he transported the woman in question —who had been married to a man named Hendrix, later to a man named Hills, and lastly to a man named Ingram—from Tupelo, Miss., by way of Nixburg, Ala., through Tennessee, to Monette, Ark., where she killed herself; that her 16 year old son, whose name was Hendrix, accompanied them on their trip; that the transportation was by automobile; that at Nixburg, Ala., they remained for two or three months; that the defendant and the woman lived together throughout the trip as husband and wife. The defendant did not testify in his own behalf.

The assignments of error challenge the sufficiency of the evidence to sustain the verdict on the grounds: (1) That the evidence showed that the woman's name was Lucy Ingram, and not Lucy Hendrix; (2) that the transportation was actually from Nixburg, Ala., to Monette, Ark.; (3) that no immoral purpose was proved; and (4) that the defendant did not cause or induce Lucy Hendrix to go in interstate commerce. The first contention is answered adversely to the defendant by the case of Bennett v. United States, 227 U. S. 333, 33 S. Ct. 288, 57 L. Ed. 531.

The second contention cannot be sustained, because the evidence showed that the transportation commenced at Tupelo, Miss., and that, while the defendant and the woman stopped temporarily at Nixburg, Ala., the defendant thereafter transported her to Monette, Ark. No case is cited which sustains any such contention as is made by the defendant, and it is obvious that there is no logic in it. It would be just as logical to say that, if an indictment charged transportation from St. Paul, Minn., to Chicago, Ill., and it was shown that the parties stopped over temporarily in Sycamore, Ill., and then went to Chicago, there must be a directed verdict for defendant for failure to show transportation in interstate commerce.

The third contention, that the evidence

was insufficient to prove an immoral purpose, we consider unworthy of discussion. See Carey v. United States (C. C. A.) 265 F. 515; Blackstock v. United States (C. C. A.) 261 F. 150; Kelly v. United States (C. C. A.) 297 F. 212.

■ In answer to the fourth contention, that the government must prove that the woman was induced by the defendant to go in interstate commerce, see Roark v. United States (C. C. A.) 17 F.(2d) 570, 51 A. L. R. 870; Hoke v. United States, 227 U. S. 308, 320, 33 S. Ct. 281, 57 L. Ed. 523, 43 L. R. A. (N. S.) 906, Ann. Cas. 1913E, 905.

The judgment and sentence is affirmed.