The People of the State of New York ex rel. Anthony R. St. George, Relator, against Thomas Owen, as Superintendent of Monroe County Penitentiary, Defendant.

Supreme Court, Special Term, Monroe County, April 13, 1946.

*H. Niles Eddy* for relator.

*Daniel J. O'Mara, District Attorney (Clarence J. Henry* of counsel), for defendant.

Gilbert, J. The relator is now confined in the Monroe County Penitentiary under a sentence imposed by the Monroe County Court following his conviction of the crime of criminally receiving stolen property. (Penal Law, § 1308.) The relator was

brought to trial under an indictment containing six counts which charged, in addition to the third and sixth counts upon which he was convicted, burglary, third degree, and grand larceny in the first degree. The "property" which the relator was convicted of having feloniously received, concealed and withheld consisted of certain basic " A " gasoline ration coupons alleged to be the property of others. No conviction was had on the burglary and larceny counts nor did the jury find the defendant guilty of criminally receiving certain other property specified in the indictment.

The relator in this proceeding challenges the jurisdiction of the court to impose any sentence upon him by reason of the alleged conviction on the ground that the acts upon which the verdict of the jury is based constitute no crime under the Penal Law of this State. In other words, the relator alleges that basic " A " gasoline ration coupons are not the subject of larceny and are not property as contemplated in law.

Under the provisions of section 1308 of the Penal Law the offense consists of buying or receiving or concealing or withholding " property " knowing the same to have been stolen or obtained in any way under circumstances which constitute larceny. The definition of " property " in contemplation of law so far as we are concerned in this proceeding is found in section 39 of the General Construction Law which reads in part as follows: " The term personal property includes chattels, money, things in action, and all written instruments themselves, as distinguished from the rights or interests to which they relate, by which any right, interest, lien or incumbrance in, to or upon property, or any debt or financial obligation is created, acknowledged, evidenced, transferred, discharged or defeated, wholly or in part, and everything, except real property, which may be the subject of ownership." Gasoline ration coupons are not chattels, money, things in action, or written instruments so that if they constitute " property " as defined by section 39 they must come within that part of the section which reads: " and everything, except real property, which may be the subject of ownership." This limits the consideration of the problem to the question of whether or not basic " A " gasoline ration coupons were the subject of ownership without, for the moment, giving any consideration to the question of value.

The gasoline coupons used during the period of gasoline rationing entitled the person to whom they had been issued to purchase a certain quantity of gasoline, varied from time to time. They were valid for such purpose during a specified

period of time. The coupon itself did not entitle the holder to a quantity of gasoline but merely evidenced a right in him to purchase that amount of gasoline. To this extent it evidenced a right and not a value. In the hands of any but the authorized holder it had no value nor could it be lawfully used. Detached from the folder in which it was issued it was void. If not used, it was required to be returned to the issuing board. When used, it was required to be indorsed with the license number and State of registration of the vehicle for which it had been issued. The coupon became invalid upon a violation of any of the foregoing provisions. Under these circumstances can it be said that the holder of coupons lawfully issued to him by a lawful authority was the " owner " of the coupons? Is it not more proper to say that he was the owner of a right to use the coupons under the regulations upon which they were issued to him? The loss of the coupons did not result in a loss of his right to purchase gasoline.

Ownership means more than a mere right of possession. A right of possession is not a subject of larceny. As stated by Mr. Justice TAYLOR in *People* v. *Ashworth* (220 App. Div. 498, 502 [4th Dept.]) in citing and quoting from Corpus Juris (Vol. 36, Larceny, § 8, p. 737) and in discussing the subject of personal property which may be the subject of larceny " It ' should have corporeal existence, that is, be something the physical presence, quantity, or quality of which is detectable or measurable by the senses or by some mechanical contrivance; for a naked right existing merely in contemplation of law, although it may be very valuable to the person who is entitled to exercise it, is not a subject of larceny.' " The opinion in *People* v. *Ashworth* (*supra,* p. 502) contains a discussion of what property may be the subject of larceny and contains this statement: " Take the case of a franchise. This is an incorporeal hereditament, ' intangible, invisible, * * * unseen, without form or substance, and, as it were, the mere breath of the Legislature.' (*People ex rel. Met. St. R. Co.* v. *Tax Comrs.,* 174 N. Y. 417.) It is not easy to conceive of such a thing being the subject of larceny ". A franchise is a right. It is usually evidenced by a writing. It would seem that gasoline ration coupons might be likened to a written franchise. The loss of the writing does not result in the loss of the franchise nor does the mere loss of the gasoline coupon result in a loss of the right to receive coupons or to purchase gasoline. In other words, the gasoline coupon is not property and the subject of ownership but is the mere evidence of a right.

As hereinbefore stated, the gravamen of the offense is the receiving, etc., of property which may be the subject of larceny. Section 1290 of the Penal Law defines larceny. It constitutes the wrongful taking from the possession of the true owner or of any other person any money, personal property, thing in action, evidence of debt or contract, or " article of value of any kind ". Is a gasoline ration stamp, or a number of them an article or articles of value? It might be said that a blank piece of paper is an article of value but the law contemplates something of intrinsic value, certainly when dealing with the subject of larceny. At common law a bond, bill or note was not the subject of larceny. (*Payne* v. *People,* 6 Johns. 103.) In that case the defendant was charged with stealing " a piece of paper, on which a certain letter of information was written, of the value of 12 dollars and 50 cents." Upon appeal the conviction was reversed, the court saying (p. 104): " The letter was of no intrinsic value, not importing any property in possession of the person from whom it was taken. * * * The carrying away of the letter was, therefore, neither a ' petty larceny, misdemeanor, breach of the peace, or other criminal offense, ' * * * of which the Special Sessions had cognizance, and the conviction must be quashed."

As the coupons in question did not constitute personal property as defined in law, were not the subject of ownership and were not articles of value subject to larceny under the definition of larceny contained in the Penal Law, that part of the indictment against the relator upon which he was convicted stated no crime and a judgment of conviction based thereon has no foundation and is void. The writ should be sustained and the relator ordered discharged from custody.