Per Curiam.

In this habeas corpus proceeding, the Special Term sustained a writ of habeas corpus issued upon respondent’s petition, and ordered respondent released from the Monroe County Penitentiary, upon the ground that the judgment of conviction of the County Court of Monroe County, entered upon a jury verdict of guilty of the misdemeanors of criminally receiving stolen property, viz: basic “ A ” gasoline ratio» coupons*, on the third and sixth counts of indictment No. 10, filed March 6, 1945, accusing the respondent of the crimes of burglary, third degree, grand larceny, first degree, and criminally receiving stolen property, is invalid and void.
*314 The Special Term held that such ration coupons are not personal property as defined by section 39 of the General Construction Law, and hence, are not a subject of larceny, or criminally receiving stolen property as defined in section 1308 of the Penal Law.
Concededly, the Monroe County Court had jurisdiction of the person of respondent and jurisdiction to try the charges made against him. In People ex rel. Carr v. Martin (286 N. Y. 27,36) the court, by Chief Judge Lehman, said: “In no case has a writ of habeas corpus been sustained by this court where imprisonment is under a final judgment of imprisonment by a court having jurisdiction of the person of the accused and general jurisdiction of criminal offenses.” Moreover, it would seem that the gasoline ration coupons which respondent was accused of criminally receiving in violation of section 1308 of the Penal Law, were personal property. (People v. Ashworth, 220 App. Div. 498; People v. Dunsworth, 323 Ill. App. 470; Keller v. United States, 168 F. 697; Jolly v. United States, 170 U. S. 402; Matter of Morhous v. N. Y. Supreme Court, 293 N. Y. 131.)
The order should be reversed on the law, without costs of this appeal to any party, the writ disallowed, and petitioner remanded to the custody of the Superintendent of the Monroe County Peniténtiary.
All concur, Larkin, J., in result only. Present — Taylor, P. J., Dowling, Harris, McCurn and Larkin, JJ.
Order reversed on the law, without costs of this appeal to any party, writ disallowed, and petitioner remanded to the custody of the Superintendent of the Monroe County Penitentiary.

 Issued by authority of the United States Office of price Administration,